IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SCOTT M. KUMANCHIK, )
 )
       Plaintiff, )
 )
v. )
 ) Civil Action No. 11-141
MICHAEL J. ASTRUE, )
COMMISSIONER OF )
SOCIAL SECURITY, )
 )
       Defendant. )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 14th day of March, 2012, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 7) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 5) be, and the same hereby is, denied.

Plaintiff filed his DIB and SSI applications on May 8, 2008, alleging disability beginning January 30, 2006, due to a heart condition. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on March 22, 2010. On May 7, 2010, the ALJ issued a decision finding that plaintiff was not disabled. The Appeals Council granted plaintiff's request for review of the

ALJ's decision and determined that Medical-Vocational Guideline Rule 201.09 directed a decision that he became disabled on June 3, 2009, when he turned 50 years old and thus became classified as a "person closely approaching advanced age." Plaintiff subsequently filed this civil action seeking judicial review of the Commissioner's decision with respect to his eligibility for SSI, claiming that he should have been awarded SSI benefits in June 2008, which was the month after he filed his application.

Plaintiff, who has a high school education through a general equivalency degree, was 50 years old when the ALJ issued her decision and, as stated, is classified as a person closely approaching advanced age under the Regulations. 20 C.F.R. §416.963(d). Plaintiff has past relevant work experience as a floor cleaner, but he has not engaged in substantial gainful activity at any time since his alleged onset date of disability.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that he was not disabled within the meaning of the Act. Although the medical evidence established that plaintiff suffers from the severe impairments of chronic obstructive pulmonary disease, emphysema, non-ischemic cardiomyopathy, degenerative joint disease of the cervical spine with spondylosis and stenosis and hepatitis C, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retained the residual functional capacity to perform a reduced range of sedentary work that involves no more than occasional bending, stooping, crouching, balancing, climbing, squatting and walking. In addition, plaintiff requires work that involves no more than limited pushing and pulling with the lower extremities. Finally, plaintiff requires work that does not involve exposure to temperature extremes, fumes, odors, gases, dust or chemicals (collectively, the "RFC Finding").

As a result of these limitations, the ALJ determined that plaintiff could not perform his past relevant work. However, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enabled him to perform other work that exists in significant numbers in the national economy, such as a ticket checker, document preparer or telephone quotation clerk. Accordingly, the ALJ found that plaintiff was not disabled within the meaning of the Act.[1]

On review of the ALJ's decision, the Appeals Council affirmed the ALJ's finding at steps one, two, three and four of the

---

[1] The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. §1382c(a)(3)(B).

sequential evaluation process.[2] The Appeals Council did not, however, agree with the ALJ's step 5 finding that plaintiff could perform other work that exists in significant numbers in the national economy. Accordingly, the Appeals Council corrected the ALJ's decision and found, under Medical-Vocational Guideline Rule 201.09 of 20 C.F.R. Part 404, Subpart P, Appendix 2,[3] that plaintiff became disabled for purposes of receiving SSI benefits on June 3, 2009, when he turned 50 years old.

On appeal to this court, plaintiff argues he is entitled to benefits from June 2008, which is the month after he filed his SSI application, and a year prior to his 50th birthday. According to plaintiff, the Appeals Council erred by mechanically applying the age categories in what he contends is a borderline situation and thus erred in failing to award him SSI benefits from June 2008. Plaintiff is incorrect.

Plaintiff concedes in his Brief in Support of his Motion for Summary Judgment (Document No. 6) that "[f]or the purposes of

---

[2]The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §416.920(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

[3]The Medical-Vocational Guidelines, commonly referred to as the "Grids", are rules that consider a claimant's age, education, work experience and physical ability and direct a finding of disabled or not disabled based on a combination of those factors.

determining age under the grids, the claimant's age as of the time of the decision governs." Id. at 5; see Kappler v. Commissioner of Social Security, 2010 WL 503033, at *6 (D.N.J. Feb. 8, 2010) (noting that the relevant issue is whether the plaintiff was disabled at the time the determination was made). When the ALJ issued her decision, plaintiff was 50 years old, which is classified as a person closely approaching advanced age under the Regulations. See 20 C.F.R. §416.963(d) (defining an individual who is age 50-54 as a person closely approaching advanced age). Pursuant to Grid Rule 201.09, a person like plaintiff who is categorized as closely approaching advanced age, with a limited education, unskilled previous work experience and the ability to perform sedentary work is deemed to be disabled.

As of the date of the ALJ's decision, plaintiff met the age and other requirements of Grid Rule 201.09, thus the ALJ erred in failing to find him disabled for SSI purposes under that Rule. However, the Appeals Council corrected the ALJ's error by determining that Grid Rule 201.09 directed a finding of disability when plaintiff turned 50 years old on June 3, 2009, but not before that date.

Despite having conceded that "the claimant's age as of the time of the decision governs," plaintiff now inconsistently claims that he should have been found disabled as of June 2008, which is the month after he filed his SSI application. In June 2008, plaintiff was 49 years old, and he claims disability as of that time based on a "borderline age situation." That concept does not

apply to plaintiff's case.

According to 20 C.F.R. §416.963(b), when the ALJ reviews the age categories, she "will not apply [them] mechanically in a borderline situation." Id. If a claimant is "within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that [the claimant is] disabled", the ALJ "will consider whether to use the older age category after evaluating the overall impact of all the factors [in the] case." Id.

The Regulations classify one as a "younger person" if he is under 50 years old. 20 C.F.R. §416.963(c). An individual who is 50-54 years old is classified as "closely approaching advanced age." 20 C.F.R. §416.963(d). When the ALJ incorrectly determined plaintiff was not disabled, he already was 50 years old, placing him in the "closely approaching advanced age" category. He was not within a borderline period, or "within a few days to a few months of reaching an older age category." The Appeals Council corrected the ALJ's error and found that Grid Rule 201.09 directed a determination that plaintiff was disabled when he turned 50 years old in June 2009. Neither the decision of the ALJ nor that of the Appeals Council was made "within a few days to a few months of reaching an older age category," thus no borderline situation existed. See 20 C.F.R. §416.963(b).

In conclusion, the Appeals Council properly found under Grid Rule 201.09 that plaintiff was disabled for SSI purposes on June 3, 2009, when he turned 50 years old. That finding is supported

AO 72
(Rev. 8/82)

- 6 -

by substantial evidence and is not otherwise erroneous. Therefore, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: James R. Burn, Esq.
Abes-Baumann, P.C.
810 Penn Avenue
Fifth Floor
Pittsburgh, PA 15222

Albert Schollaert
Assistant U.S. Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219